UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIGITTE STELZER,
                        Plaintiff,

- against -

KAIZEN MEDIA GROUP, LLC
                        Defendant.

Docket No. 17-cv-01522

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Brigitte Stelzer ("Stelzer" or "Plaintiff"), by and through her undersigned counsel, as and for her Complaint against Defendant Kaizen Media Group, LLC ("Kaizen" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs, the first depicting a young woman hugging a pit bull terrier, and the second depicting the pit bull. Both photographs are owned and registered by Stelzer, a New York City-based photojournalist. Accordingly, Stelzer seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Stelzer is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 22-39 74th Street, East Elmhurst, New York 11370. Stelzer's photographs have appeared in many publications around the United States.

6. Upon information and belief, Kaizen is a limited liability company duly organized and existing under the laws of the State of Illinois. Upon information and belief, Kaizen has a business address of 384 RXR Plaza, Uniondale, New York 11556. At all times material hereto, Kaizen has owned and operated a website at the URL: www.lifedaily.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. On November 30, 2016, Stelzer photographed Maya Fairweather and her boyfriend's pit bull Apollo (the "Photograph(s)"). One Photograph featured Maya Fairweather hugging Apollo. The other Photograph featured Apollo alone. True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Stelzer then licensed the Photographs to the New York Post. On November 30, 2016, the New York Post ran an article that featured the Photographs on its web edition entitled, *Hero dog stops rape*. See http://nypost.com/2016/11/30/hero-dog-saves-owner-from-attempted-rape/. Stelzer's name was featured in a gutter credit identifying her as the photographer of the

Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

9. Stelzer is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with the U.S. Copyright Office and were given Copyright Registration Number VA 2-026-482.

**B.     Defendant's Infringing Activities**

11. Upon information and belief, on or about December 1, 2016, Kaizen ran an article on the Website entitled *Hero Puppy Saves Teenage Owner Who Was About To Be Raped*. See http://www.lifedaily.com/hero-puppy-saves-teenage-owner-who-was-about-to-be-raped/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Kaizen did not license the Photographs from Plaintiff for its article, nor did Kaizen have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Kaizen removed Stelzer's gutter credit and did not attribute the Photograph featuring Maya hugging Apollo to anyone.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST KAIZEN)
(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Kaizen infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Kaizen is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Kaizen have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to recover her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST KAIZEN
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs were published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief when it used the Photographs on its Website, Kaizen intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of one of the Photographs.

25. Kaizen's conduct violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Kaizen's falsification, removal and/or alteration of the aforementioned copyright management information was made without Plaintiff's knowledge or consent.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Kaizen intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Kaizen also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

28. As a result of the wrongful conduct of Kaizen as alleged herein, Plaintiff is entitled to recover from Kaizen the damages that she sustained and will sustain, including her costs and attorney's fees, and any gains, profits and advantages obtained by Kaizen because of its violation of 17 U.S.C. § 1202.

29. Alternatively, Plaintiff may elect to recover from Kaizen statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Kaizen be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Kaizen be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant be permanently enjoined from further infringing Plaintiff's copyright in the Photographs pursuant to 17 U.S.C. § 502;

4. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: March 17, 2017
       Valley Stream, New York

                                      LIEBOWITZ LAW FIRM, PLLC

                                      By: /s/    Kamanta C. Kettle
                                                Kamanta C. Kettle

                                        Kamanta C. Kettle
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, New York 11580
                                        Telephone: (516) 233-1660
                                        KK@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff Brigitte Stelzer*